**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LYNN SHIRLEY MORGAN

    Plaintiff,

v.

    Case No. 08-15027
    HON. LAWRENCE P. ZATKOFF

BLUST & DRISCOLL HOLDINGS, LLC,
f/k/a TOUCH AUTOMATION, LLC, and
DYNAPACE ACQUISITION, LLC,
f/k/a DYNAPACE CORP.,

    Defendants.
_____/

## **ORDER**

This matter is before the Court on Plaintiff's motion for reconsideration [dkt 48]. Pursuant to E.D. Mich. L.R. 7.1(g)(2), no response is permitted. The Court finds that the facts and legal arguments are adequately presented in Plaintiff's papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Plaintiff's motion for reconsideration is GRANTED IN PART and DENIED IN PART.

Local Rule 7.1(g)(3) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(g)(3). The same subsection further states, "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich.

1997).

On February 22, 2010, the Court issued an order [dkt 47] denying Plaintiff's motion to amend/correct the complaint and extend the scheduling order dates [dkt 42] as untimely. Plaintiff sought to amend the complaint to add a new party after the Court-imposed deadline of May 28, 2009. In her motion for reconsideration, Plaintiff claims that the Court was misled in believing that Plaintiff possessed evidence related to the party sought to be added prior to the May 28, 2009, scheduling conference, and that the Court was misled in not adding the party for judicial economy. However, the Court already ruled upon these issues by reasonable implication in its February 22, 2010, order denying Plaintiff's motion to amend her complaint to add a new party. The Court was aware of Plaintiff's knowledge about the party sought to be added, as well as considerations of judicial economy. Therefore, Plaintiff's motion for reconsideration is DENIED with respect to Plaintiff's request to amend her complaint to add a new party.

In Plaintiff's brief in support of her motion to amend/correct the complaint and extend the scheduling order dates [dkt 42], Plaintiff requested that the scheduling order dates be extended in order to accommodate the party sought to be added. Since the Court denied Plaintiff's request to add a new party, it found no reason to extend the scheduling order dates. However, Plaintiff now contends that there is good cause to extend the scheduling order dates by 90-days despite the Court's order denying Plaintiff's request to add a new party. According to Plaintiff, Defendant Dynapace's dilatory conduct in producing discovery has prevented Plaintiff and Defendant Touch Automation[1]

---

[1]Defendant Touch Automation filed a response to Plaintiff's motion to amend/correct the complaint and extend the scheduling order dates [dkt 42], in which it joined in Plaintiff's request to extend the scheduling order dates. Defendant Dynapace did not file a response to Plaintiff's motion.

2

from deposing Defendant Dynapace's personnel. Specifically, Plaintiff argues that Defendant Dynapace's responses to her discovery requests were submitted less than one month before the discovery deadline of February 15, 2010[2], after two motions to compel and a motion for sanctions for Defendant Dynapace's failure to abide by the Court's order compelling discovery. As a result, Plaintiff requests an additional 90-days of discovery in order to depose Defendant Dynapace's personnel. Plaintiff contends that the depositions could not have been effectively performed until after she received Defendant Dynapace's responses to her initial discovery requests, which Plaintiff received less than one month before the discovery deadline.

Since Plaintiff's brief in support of her motion to amend/correct the complaint and extend the scheduling order dates [dkt 42] did not provide Defendant Dynapace's dilatory conduct as the basis for its request to extend the scheduling order dates, the Court will consider Plaintiff's motion for reconsideration as this issue was not ruled upon by the Court in its February 22, 2010, order. Pursuant to Fed. R. Civ. P. 16(b), "a schedule may be modified only for good cause and with the judge's consent." In order to establish "good cause," parties must show that "despite their diligence they could not meet the original deadline." *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). In deciding whether the "good cause" standard is met, it is also important to consider "whether the opposing party will suffer prejudice" due to the schedule modification. *Id*. at 906 (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

Here, Plaintiff has demonstrated that despite her diligence, she could not complete discovery prior to the discovery deadline due to Defendant Dynapace's untimely responses to discovery

---

[2]The original dispositive motion deadline was March 8, 2010, and the final pretrial conference was scheduled for July 8, 2010.

3

requests. Plaintiff has remained diligent throughout this case in seeking her discovery, filing two motions to compel and a related motion for sanctions. Additionally, it has not been argued by any party to this case that extending the scheduling order dates would cause a party to suffer prejudice due to the modification. Defendant Touch Automation has joined in Plaintiff's request for additional discovery, and Defendant Dynapace filed no response to Plaintiff's request. In order to allow Plaintiff and Defendant Touch Automation to depose Defendant Dynapace's personnel, the Court will extend the discovery deadline approximately 90-days from the date of entry of this order. The dispositive motion deadline and the final pretrial conference will be rescheduled accordingly. Therefore, Plaintiff's motion for reconsideration is GRANTED with respect to Plaintiff's request to extend the scheduling order dates.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration [dkt 48] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that the discovery cut-off date is July 9, 2010.

IT IS FURTHER ORDERED that dispositive motions shall be filed by July 26, 2010.

IT IS FURTHER ORDERED that the final pretrial conference shall be scheduled for November 30, 2010, at 10:00 a.m.

IT IS SO ORDERED.

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: April 15, 2010

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 15, 2010.

                                            s/Marie E. Verlinde
                                            Case Manager
                                            (810) 984-3290